IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division – In Admiralty

IN THE MATTER OF THE COMPLAINT
OF FISHERMAN'S WHARF FILLET, INC.,　　　Civil Action No. 2:18-cv-00047-D
AS OWNER OF THE FISHING VESSEL
BALD EAGLE II

## CONSENT ORDER DISSOLVING INJUNCTION

This day came the Parties to this action upon the motion of Claimant Arnold W. Haislip to dissolve the injunction imposed in this case on October 9, 2018 by the Order of Publication and Stay (Doc. 9) related to the Limitation of Liability Complaint in Admiralty (Doc. 1) filed by Fisherman's Wharf Fillet, Inc. as owner of BALD EAGLE II; and

It appearing to the Court that Fisherman's Wharf Fillet, Inc., as owner of BALD EAGLE II, filed a Complaint in Admiralty for Exoneration From or Limitation of Liability and the sole Claimant Arnold W. Haislip filed a claim against the limitation fund as well as a motion to dissolve the injunction and lift the stay imposed by this Court which precludes Claimant from proceeding with his claim outside of this federal court against Fisherman's Fillet, Inc.; and that Claimant also filed a set of stipulations to which both Limitation Plaintiff and Claimant have agreed; and

It further appearing to the Court that the Parties agreed that Claimant's stipulations will protect both Fisherman Wharf Fillet, Inc.'s right to have its limitation of liability claim adjudicated by this court and Claimant's right to proceed with his claim in state court;

Accordingly, it is hereby ORDERED as follows:

1. Claimant is deemed bound by the stipulations set forth in his motion;

2. Claimant's motion to dissolve the injunction and lift the stay imposed by this Court which precludes Claimants from proceeding with their claims outside of this United States District Court against Fisherman's Wharf Fillet, Inc. as owner of the Fishing Vessel BALD EAGLE II is hereby GRANTED;

3. The Court retains jurisdiction of and stays further proceedings in this limitation action pending resolution of the state court action in Claimant's chosen forum, and the state court is without jurisdiction to determine limitation issues;

4. The Parties are instructed to report to this Court immediately in the event of (a) resolution of the state court action, or (b) the assertion, within the state court action, of claims by additional claimants.

So ORDERED. This 2 day of October, 2019

                                                                       JAMES C. DEVER III
                                                                       United States District Judge

We ask for this:


/s/Deborah C. Waters
Deborah C. Waters, Esquire
Virginia State Bar No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
150 Boush Street
Norfolk, Virginia 23510
(757) 446-1434 *Telephone*
(757) 446-1438 *Facsimile*
dwaters@waterslawva.com

Stephen C. Swain, Esquire
Ruloff, Swain, Haddad, Morecock,
Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, Virginia. 23451
(757) 671-6000 *Telephone*
(757) 671-6004 *Facsimile*
scswain@srgslaw.com
NC Bar No. 4246

*Counsel for Arnold W. Haislip*



 /s/ Marissa H. Henderson
David N. Ventker, Esquire
NC Bar No. 26028
Marissa H. Henderson, Esquire
NC Bar No. 46822
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510
(757) 625-1192 *Telephone*
(757) 625-1475 *Facsimile*
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com

Counsel for Fisherman's Wharf Fillet, Inc.
As Owner of the Fishing Vessel
BALD EAGLE II